UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| TOBECS RICHARDS UGWU, | § § § | |
| Plaintiff, | § § | Civil Action No.: |
| V. | § § | 3:25-cv-00933 |
| UNITED AIRLINES, INC., | § § § | |
| Defendant. | § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE U. S. DISTRICT COURT:

Plaintiff Tobecs Richards Ugwu complains of Defendant United Airlines Inc., and would respectfully show the Court as follows:

### I.     PARTIES

1. Plaintiff, Tobecs Richards Ugwu is a resident of Dallas County, Texas.

2. Defendant, United Airlines Inc. is a foreign for-profit corporation, organized under the laws of the state of Delaware, with its main business located at 233 South Wacker Dr., Chicago, IL 60606, doing business in Texas. This Defendant may be served with the original complaint and summons by serving its Registered Agent: Corporation Service Company d/b/a CSC-Lawyers Incorporating Service Company, 211 E. 7th Street, Suite 620, Austin, TX 78701-3136.

## III.  VENUE & JURISDICTION

1. Venue is proper in this Federal Court in Texas as prescribed by Article 33(3) of the Montreal Convention of 1999 because Plaintiff has his permanent residence in Dallas, Texas and Defendant operates services for the carriage of passengers by air to and from Dallas, Texas. *See Hardy v. Scandinavian Airlines Sys.*, 117 F.4th 252, 260 (5th Cir. 2024).

2. This Federal Court has proper personal jurisdiction over Defendant. Defendant does business in Texas: advertising passenger flights, selling tickets, and offering passenger flights to, from, and within Texas, thus invoking the benefits and protections of the laws in Texas. The incident in question and Plaintiff's injuries are directly related to Defendant's purposeful contact with Texas because Plaintiff was ticketed by Defendant on Defendant's flights from DFW to Lagos Nigeria, as well as his return flight. Given Defendant's extensive presence doing business in Texas and the injuries Plaintiff sustained when using such services, jurisdiction over Defendant would not offend the traditional notions of fair play and substantial justice from the Due Process Clause's protection of individual liberty.

3. Diversity of Citizenship Jurisdiction is proper in this Court under 28 U.S.C. § 1332. There is complete diversity as Plaintiff is a citizen of Texas, residing permanently in Dallas County, while Defendant is incorporated in Delaware and has its principal place of business in Illinois. This controversy exceeds the sum of

$75,000.

4. Federal Question Jurisdiction is proper in this Court under 28 U.S.C. § 1331 because this case arises under the Montreal Convention of 1999 which is a self-executing international treaty ratified by the United States.

## IV.   FACTS

1. On January 24, 2025, Plaintiff was prepared to make the journey from Lagos, Nigeria, back to his home in Dallas, Texas, flying on Defendant, United Airlines. Plaintiff had originally planned this trip and bought the plane tickets while back home in Dallas, Texas. Plaintiff purchased the tickets from DFW to Lagos and from Lagos to DFW on United.

2. Plaintiff was to take flight UA 613 from Lagos, Nigeria to Washington Dulles International Airport, followed by connecting flight UA 2314 from Washington Dulles to Dallas Fort Worth, Plaintiff's final destination. The incident in question occurred on flight UA 613.

3. On flight UA 613 from Lagos, about one hour and five minutes prior to the incident, inflight data showed a left inertial reference unit ("IRU") failure. About 55 minutes later, the data indicated a right IRU failure, which caused the autopilot to disconnect causing an immediate and precipitous drop in altitude.

4. The aircraft abruptly dropped approximately 1,000 feet, followed by smaller drops as the plane tried to gain altitude, causing passengers, such as Plaintiff,

crew, and luggage to be thrown throughout the cabin, causing Plaintiff's injuries and damages. Once the plane was brought under control, the pilot turned the plane around and flew back to Lagos for an emergency landing.

5. Immediately following the incident, Plaintiff suffered from pain, swelling and limited range of motion in his left leg. Once, Plaintiff made it back to Dallas, Texas, he sought medical treatment and was diagnosed with an ossicle fracture in his left foot. Plaintiff also sought treatment for the emotional distress and trauma that this incident has caused him.

## V. CAUSE OF ACTION AGAINST DEFENDANT

1. Plaintiff asserts the following Causes of Actions, against Defendant:

**A. Strict Liability**

2. This cause of action arises under Article 17 and Article 21(1) of the Montreal Convention of 1999.

3. Defendant is strictly liable for damages sustained in case of bodily injury to a passenger, if the accident causing the injury occurred on board the aircraft.

4. During flight UA 613 the aircraft experienced several severe and abrupt drops in altitude, constituting an "accident" within the meaning of Article 17.

5. As a result of the "accident", Plaintiff was injured, suffering a fracture in his left foot and severe emotional distress.

6. Plaintiff is entitled to recover damages under the strict liability

provisions of the Montreal Convention.

**B.     Negligence**

7.     This cause of action arises under Article 17 and Article 21 of the Montreal Convention of 1999.

8.     To the extent Plaintiff's damages exceed the limits established in Article 21(1), Article 21(2) of the Montreal Convention provides that a carrier is liable unless it proves that the damage was not due to its negligence or wrongful act or omission.

9.     Defendant failed to maintain its aircraft's navigational and autopilot systems in a reasonably safe and airworthy condition, leading to both IRU failures and the disengagement of autopilot.

10.    Defendant failed to divert or take any precautionary landing procedures after the left IRU failed, instead Defendant continued to fly for another 55 minutes until the second IRU failed, resulting in loss of autopilot and the dramatic loss in altitude, disregarding a known and escalating safety risk.

11.    These omissions actually and proximately caused the injuries sustained by Plaintiff.

12.    Defendant cannot demonstrate that the accident was free of negligence.

13.    As a result, Defendant is liable under Article 21(2) for the full amount of Plaintiff's damages.

## VI.  DAMAGES

1.  As a result of the incident described, Plaintiff has incurred medical expenses in the past and in all reasonable probability such medical expenses will continue in the future.

2.  Plaintiff has experienced mental anguish and emotional distress in the past and in all reasonable probability such mental anguish and emotional distress will continue in the future.

3.  Plaintiff has experienced physical pain and suffering in the past and in all reasonable probability such physical pain and suffering will continue in the future.

4.  Plaintiff has experienced physical impairment in the past and in all reasonable probability will suffer physical impairment in the future.

5.  Plaintiff has incurred other post-incident expenses in the past and in all reasonable probability such other post-incident expenses will continue in the future.

6.  Plaintiff has suffered lost earnings in the past and in all reasonable probability such lost earning capacity will continue in the future.

## VII. PRESERVATION

Defendant is hereby given notice that any document or other material, including electronically stored information, that may be evidence or relevant to any issue in this case is to be preserved in its present form until this litigation is

concluded.

## VIII. CLAIM FOR PREJUDGMENT AND POST-JUDGMENT INTEREST

Plaintiff claims interest in accordance with applicable law.

## IX. JURY DEMAND

Plaintiff respectfully requests a jury trial.

## X. PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that Defendant be cited to appear and answer herein, and that upon final trial, Plaintiff recover all his damages specified above from Defendant, plus costs of Court, pre-judgment and post-judgment interest at the legal rate, and have such other and further relief, general and special, at law and in equity, to which Plaintiff may be justly entitled under the facts and circumstances.

Respectfully submitted,

TURLEY LAW FIRM

*/s/ Linda Turley*
Linda Turley
State Bar No. 20303800

Carter Colclasure
State Bar No. 24142792
6440 North Central Expressway
1000 Turley Law Center
Dallas, Texas 75206
Telephone No. 214/691-4025
Telecopier No. 214/361-5802
Email: lindat@wturley.com,
        carterc@wturley.com,
        davette@wturley.com

ATTORNEYS FOR PLAINTIFF