IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| TOBECS RICHARDS UGWU, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 3:25-CV-0933-K |
| | § | |
| UNITED AIRLINES, INC., | § | |
| | § | |
| Defendant. | § | |
| | § | |
| | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendant United Airlines, Inc.'s Motion to Dismiss Plaintiff's Amended Complaint for Lack of Personal Jurisdiction and Brief in Support (the "Motion") (Doc. No. 25). Plaintiff Tobecs Richards Ugwu filed his Response in Opposition to Defendant's Second Motion to Dismiss for Lack of Personal Jurisdiction (the "Response") (Doc. No. 27). Defendant filed a Reply Brief in Support of its Motion (the "Reply") (Doc. No. 28). The Court has carefully considered the Motion, the Response, and the Reply, the applicable law, and the relevant portions of the record. Because Plaintiff failed to make the required *prima facie* showing of personal jurisdiction over non-resident Defendant, the Court **GRANTS** the Motion to Dismiss for lack of personal jurisdiction. Further, because Plaintiff does not seek leave to amend, the Court **DISMISS** this case **without prejudice**.

I.  **Factual and Procedural Background**

Plaintiff Tobecs Richards Ugwu ("Plaintiff'), a resident of Texas, alleges he sustained injuries on a flight operated by Defendant United Airlines, Inc. ("Defendant" or "United") on January 24, 2025.  Doc. No. 21 at 1, 3.  (All record citations herein are to the CM/ECF-assigned page number, not the document page number.)  While at his home in Dallas, Texas, Plaintiff alleges he purchased round trip airline tickets from Dallas, Texas to Lagos, Nigeria (with connecting flights through Dulles, Virginia) on United.  *Id.* at 3.  The incident giving rise to Plaintiff's alleged injuries occurred on the return flight from Lagos, Nigeria to Dulles, Virginia ("Flight 613").  *Id.* at 3-4.  Approximately two hours into Flight 613, the plane allegedly experienced mechanical and operational issues, including sudden drops in altitude, that caused the pilot to return to Lagos for an emergency landing.  *Id.*  As a result of the drop in altitude, Plaintiff claims he, other passengers, crew members, and luggage were "thrown throughout the cabin".  *Id.*  Plaintiff avers that he suffered an injury to his left leg, which was diagnosed and treated when he returned to Dallas.  *Id.*

Plaintiff filed suit against Defendant in this Court asserting claims for strict liability and negligence arising under the Montreal Convention of 1999, invoking federal subject matter jurisdiction based on both federal question, 28 U.S.C. § 1331, and diversity, *id.* § 1332(a). Doc. No. 1 at 2-3, 4-5 (Original Complaint); *see* Doc. No. 21 at 3, 5 (First Amended Complaint).  Plaintiff is a citizen of Texas and Defendant is

2

incorporated in Delaware and has its principal place of business in Illinois. Doc. No. 1 at ; Doc. No. 21 at 3.

In lieu of answering the Original Complaint, Defendant filed a motion to dismiss under Federal Rule of Civil Procedure 12(b)(2) for lack of personal jurisdiction (Doc. No. 13). Plaintiff then filed his First Amended Complaint (Doc. No. 21), which is the live pleading. *See also* Doc. Nos. 18 & 20. Thereafter, Defendant filed this Motion, again moving for dismissal of this case under Rule 12(b)(2). The Motion is fully briefed and ripe for determination.

## II.    Applicable Law

### A. Standard of Review for Rule 12(b)(2) Motion to Dismiss

When a defendant challenges the court's personal jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(2), the plaintiff bears the burden of establishing jurisdiction. *Johnson v. TheHuffingtonPost.com, Inc.*, 21 F.4th 314, 317 (5th Cir. 2021); *see* FED. R. CIV. P. 12(b)(2). If the court does not conduct an evidentiary hearing on the Rule 12(b)(2) motion to dismiss, the plaintiff need only make a *prima facie* showing of personal jurisdiction. *See Danziger & De Llano, L.L.P. v. Morgan Verkamp, L.L.C.*, 24 F.4th 491, 495 (5th Cir. 2022). That is, the plaintiff must establish that the defendant has enough minimum contacts with the forum and has purposefully availed itself of the forum state's benefits and protections. *Panda Brandywine Corp. v. Potomac Elec. Power Co.*, 253 F.3d 865, 868 (5th Cir. 2001); *see Danzinger & De Llano*, 24 F.4th at 495. The court must accept as true the plaintiff's "uncontroverted, non-conclusory factual

allegations and resolve all controverted allegations in [the plaintiff's] favor." *Diece-Lisa Indus., Inc. v. Disney Enters., Inc.*, 943 F.3d 239, 249 (5th Cir. 2019).

In determining the motion to dismiss, "a district court may consider affidavits, interrogatories, depositions, oral testimony, or any combination of the recognized methods of discovery." *Revell v. Lidov*, 317 F.3d 467, 469 (5th Cir. 2002) (internal quotations omitted). The court must accept the uncontroverted, nonconclusory allegations in the plaintiff's complaint as true and must resolve all controverted allegations in the plaintiff's favor. *Panda Brandywine*, 253 F.3d at 868. However, the Fifth Circuit has emphasized that "such acceptance does not automatically mean that a *prima facie* case for [personal] jurisdiction has been presented." *Sangha v. Navig8 ShipManagement Priv. Ltd.*, 882 F.3d 96, 101 (5th Cir. 2018) (internal quotation omitted).

### B. Personal Jurisdiction

#### 1. The Montreal Convention

Plaintiff alleges claims for strict liability and negligence under Articles 17 and 21 of the Montreal Convention of 1999, Convention for the Unification of Certain Rules for International Carriage by Air, May 28, 1999, *reprinted in* S. Treaty Doc. 106-45, 1999 WL 33292734 (2000) (the "Montreal Convention"). *See* Montreal Convention, Article 17(1) (covers passenger injuries that happen while on board an aircraft or while embarking or disembarking); *id.*, Article 21 (governing compensation a carrier may be liable for resulting from the death or injury of a passenger). "Like the Warsaw

Convention, its predecessor, the Montreal Convention [a multilateral treaty entered into force on November 4, 2003], governs the rights and liabilities of passengers and carriers in international air transportation." *Bridgeman v. United Cont'l Holdings, Inc.*, 552 F. App'x 294, 296 (5th Cir. 2013) (internal quotations omitted); *accord Bassam v. Am. Airlines*, 287 F. App'x 309, 312 (5th Cir. 2008). "As a treaty of the United States, the [Montreal] Convention is considered federal law for subject matter jurisdiction purposes and is the supreme law of the land." *Biscone v. JetBlue Airways Corp.*, 681 F. Supp. 2d 383, 385 (E.D.N.Y. 2010); *accord Luna v. Compania Panamena De Aviacion, S.A.*, 851 F. Supp. 826, 829 (S.D. Tex. 1994) ("Cases arising out of international air transportation are governed by the Warsaw Convention and are within federal court original jurisdiction.").

The Fifth Circuit recently held that, although "[i]t provides a cause of action . . . and a venue selection clause," the Montreal Convention "does not provide for service [of process], so it does not create personal jurisdiction" over a foreign defendant. *Hardy v. Scandinavian Airlines Sys.*, 117 F.4th 252, 261-62 (5th Cir. 2024). Because the Montreal Convention itself does not confer personal jurisdiction, the Court must analyze whether Defendant is subject to the Court's personal jurisdiction. To that end, the federal court looks to the Fifth Amendment due process standard where the plaintiff's claims arise under federal law. *Douglass v. Nippon Yusen Kabushiki Kaisha*, 46 F.4th 226, 232 (5th Cir. 2022). If the "federal statute [] is silent as to service of process," the court applies the forum state's long-arm statute in its personal jurisdiction

5

inquiry. *Rolls-Royce Corp. v. Heros, Inc.*, 576 F. Supp. 2d 765, 785-786 (N.D. Tex. 2008)(Fitzwater, C.J.) (citing *DeMelo v. Toche Marine, Inc.*, 711 F.2d 1260, 1266 (5th Cir. 1983)); *see Stroman Realty, Inc. v. Wercinski*, 513 F.3d 476, 482 (5th Cir. 2008) (where federal statute "lacks a provision for service of process, federal courts adopt state jurisdictional statutes to reach out-of-state defendants."); *Point Landing, Inc. v. Omni Cap. Int'l, Ltd.*, 795 F.2d 415, 427 (5th Cir. 1986), *aff'd*, 484 U.S.97 (1987) ("absent specific congressional authority, a federal district court has no personal jurisdiction over a defendant who cannot be reached by the long-arm statute of the state in which the district court sits."). Thus, in this case, the Court utilizes "the same minimum contacts test [that] applies under both the Fifth and Fourteenth Amendments" because the Montreal Convention does not provide for service of process. *Aerotech Holdings, Inc. v. All. Aerospace Eng'g, LLC*, 650 F. Supp. 2d 594, 598 n. 3 (N.D. Tex. 2009).

### 2. Due Process Requirements—Minimum Contacts Test

Personal jurisdiction over a non-resident defendant exists where allowed by the forum state's long-arm statute and where the exercise of personal jurisdiction is consistent with federal due process. *See Def. Distributed v. Grewal*, 971 F.3d 485, 490 (5th Cir. 2020). The Texas long-arm statute extends to the limits of federal due process; therefore, the court need only determine if exercising personal jurisdiction over the non-resident defendant is consistent with federal due process. *Sangha v. Navig8 ShipManagement Priv. Ltd.*, 882 F.3d 96, 101 (5th Cir. 2018). "Due process requires that the defendant have 'minimum contacts' with the forum state (*i.e.*, that the

defendant has purposely availed himself of the privilege of conducting activities within the forum state) and that exercising jurisdiction is consistent with 'traditional notions of fair play and substantial justice.'" *Danziger & De Llano, L.L.P. v. Morgan Verkamp, L.L.C.*, 24 F.4th 491, 495 (5th Cir. 2022) (quoting *Sangha*, 882 F.3d at 101); *see Int'l Shoe Co. v. State of Wash., Office of Unemployment Comp. & Placement*, 326 U.S. 310, 316 (1945). This requirement "ensures that a defendant will not be haled into a jurisdiction solely as a result of 'random,' 'fortuitous,' or 'attenuated' contacts or the 'unilateral activity of another party or third person.'" *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475 (1985).

A party's "minimum contacts" can give rise to general personal jurisdiction and they can give rise to specific personal jurisdiction. *Seiferth v. Helicopteros Atuneros, Inc.*, 472 F.3d 266, 271 (5th Cir. 2006). Plaintiff states in his Response that he does not assert general personal jurisdiction. Doc. No. 27 at 9. In conducting the three-step analysis for specific jurisdiction, the court inquires (1) whether the non-resident defendant "purposefully directed" its actions at the forum, (2) whether the plaintiff's claim arises out of the defendant's contacts with the forum, and (3) whether the exercise of personal jurisdiction is fair and reasonable. *Seiferth*, 472 F.3d at 271; *see Burger King*, 471 U.S. at 472. The plaintiff bears the burden of proof on the first two prongs and, only after the plaintiff makes the required showing, does the burden shift to the defendant to show that exercising personal jurisdiction would be unfair or unreasonable. *See Seiferth*, 472 F.3d at 271; *see also Sangha*, 882 F.3d at 102 (non-

resident defendant "must make a compelling case" that the exercise of it would be unfair or unreasonable.).

It is well-established that the court's specific jurisdiction inquiry must focus "on 'the relationship among the defendant, the forum, and the litigation.'" *Walden v. Fiore*, 571 U.S. 277, 283-84 (2014) (quoting *Keeton v. Hustler Magazine, Inc.*, 465 U.S. 770, 775 (1984); *see Shaffer v. Heitner*, 433 U.S. 186, 204 (1977). "[T]he defendant's suit-related conduct must create a substantial connection with the forum State." *Walden*, 571 U.S. at 284. The Supreme Court stressed that "the plaintiff cannot be the only link between the defendant and the forum. Rather, it is the defendant's conduct that must form the necessary connection with the forum State that is the basis for its jurisdiction over him." *Id.* at 285; *see also id.* at 284-85 ("[T]he relationship must arise out of contacts that the 'defendant *himself*' creates with the forum State" and those contacts must be "with the forum State itself, not the defendant's contacts with persons who reside there."). The court's inquiry is claim specific as "the Due Process Clause prohibits the exercise of jurisdiction over any claim that does not arise out of or result from the defendant's forum contacts." *Seiferth*, 472 F.3d at 274-75.

The court is not required to analyze contacts for each claim when those claims arise from or relate to the same contact. *Sedillo as Tr. of Filo and Fran Sedillo Revocable Tr. v. Team Techs., Inc.*, Civ. Action No. 3:20-CV-1628-D, 2020 WL 6870711, at *3 (N.D. Tex. Nov. 23, 2020)(Fitzwater, S.J.); *see also Seiferth*, 472 F.3d at 274-75.

### III. Analysis

In its Motion, Defendant argues that Plaintiff has not made, and cannot make, a sufficient showing that specific personal jurisdiction can be exercised here. Doc. No. 25 at 15-20. Based on Plaintiff's own allegations, Defendant contends that Plaintiff's claimed injuries clearly arise from or relate to only what occurred on Flight 613, somewhere between Lagos, Nigeria and Dulles, Virginia. *Id.* at 16-17. More specifically, none of Defendant's alleged conduct or negligence gives rise to Plaintiff's claims occurred in Texas. *Id.* at 15-20. Defendant further argues that, even if the Court found sufficient minimum contacts, the exercise of personal jurisdiction would offend the traditional notions of fair play and substantial justice.

Plaintiff responds that he "has sufficiently established a substantial connection between Defendant's contacts and the operative facts of the claim to support specific jurisdiction." Doc. No. 27 at 10; *see also id.* at 9 (disclaiming general personal jurisdiction exists). Although he admits the incident occurred on Flight 613 from Lagos, Nigeria to Dulles, Virginia, Plaintiff insists that his claims "have a substantial connection to Defendant's activities in Texas" because Plaintiff purchased the United ticket while in Texas, and he departed from and intended to return to Texas. *Id.* at 10-11. Plaintiff also asserts that the Court's exercise of personal jurisdiction over Defendant would not offend traditional notions of fair play and substantial justice. *Id.* at 12-15.

9

In its Reply, Defendant re-urges its previous arguments that specific jurisdiction does not exist. Doc. No. 28 at 2-5. Defendant also emphasizes that Plaintiff fails to submit any legal authority supporting his assertion that purchasing the tickets in Texas for flights originating in and returning to Texas supports this Court's exercise of specific jurisdiction over Defendant. *Id.* at 3-4.

The Court concludes that Plaintiff fails to make a *prima facie* showing of personal jurisdiction over Defendant. Specifically, the Court finds that, as alleged in the Amended Complaint, Plaintiff's claims do not arise out of or relate to Defendant's contacts with Texas and, therefore, the Court cannot exercise personal jurisdiction over Defendant. (The Court does not address the first prong—whether Defendant "purposefully directed" its actions at the forum—because Plaintiff fails to make the required showing on the second prong.)

Plaintiff contends that his "claims have a substantial connection to Defendant's" contacts with Texas because he "purchased the airfare in Texas, departed from Texas with Defendant airline, and was in the process of flying back to Texas with Defendant," on a connecting flight, when he was "injured upon the return journey home." Doc. No. 27 at 11. According to Plaintiff, "this is sufficient to confer specific jurisdiction." *Id.* To the extent these are contacts Defendant had with Texas (which the Court does not find), they are not the "jurisdictional hooks" that Plaintiff suggests they are because his claims simply "arise out of or relate to" those purported contacts as required by due process. *See Seiferth*, 472 F.3d at 274-75 ("the Due Process Clause prohibits the exercise

of jurisdiction over any claim that does not arise out of or result from the defendant's forum contacts." ).

There is no dispute that the incident causing Plaintiff's alleged injuries occurred on Flight 613 from Lagos, Nigeria to Dulles, Virgina, and that the incident then caused the plane to return to Lagos.  Plaintiff's claims clearly arise from Defendant's alleged conduct and/or negligence in failing to maintain certain systems of the aircraft and in failing to take precautionary procedures that, shortly after departing Lagos, "caused the autopilot [system] to disconnect" which then "caus[ed] an immediate and precipitous drop in altitude" "followed by smaller drops as the plane tried to gain altitude" thereby allegedly causing Plaintiff to be injured and then "the pilot turned the plane around and flew back to Lagos for an emergency landing."  Doc. No. 21 at 4, ¶¶3-4.

"The question of whether a cause of action arises out of or relates to a defendant's forum contact is analogous to the issue of proximate cause in tort law." *Luna*, 851 F. Supp. at 832.  In this case, Plaintiff's claims as alleged do not allow for any other conclusion than that they "arise out of [Defendant's] alleged negligence in aircraft maintenance and operation of a flight" that departed from Lagos, Nigeria with a destination of Dulles, Virginia, and that injuries Plaintiff allegedly sustained from the incident occurred somewhere in international territory.  *Id.* at 832-33.  Plaintiff does not allege Defendant's alleged negligence and/or conduct occurred in Texas or that Defendant's activities in Texas are otherwise responsible for the injuries Plaintiff allegedly suffered on Flight 613.

The Court finds *Ojugbana v. Virgin Atlantic Airways Limited* to be highly instructive. 2024 WL 4681751, (D. Mass. Nov. 5, 2024). There, the district court found the exercise of personal jurisdiction over the foreign airline defendant did not satisfy the minimal due process requirements because the plaintiff's claims did not "arise out of or relate to" the defendant's activities in the forum. *Id.* at 4-5; *see id.* at *3 n.4. While at home in the forum, the plaintiff purchased round-trip airline tickets from Boston, Massachusetts to Lagos, Nigeria directly from the foreign defendant airline. *Id.* at *1. On the return connecting flight from London, England to Boston, the plaintiff became very ill allegedly from contaminated food served by the defendant's in-flight food service. *Id.* In analyzing specific personal jurisdiction, the district court emphasized that, to satisfy due process, the plaintiff's claims "must arise out of or relate to the defendant's contacts with the forum." *Id.* at *4. While the plaintiff alleged that the defendant operated flights to and from the forum and that he purchased the ticket in the forum, the plaintiff's "complaint does not allege that [the defendant's] Massachusetts activities included activities such as those which caused the injury—that is, purchasing and serving food." *Id.* at *4-5. Finding "there is no clear nexus between the forum, the defendant, and the allegations in the complaint," the district court concluded that the defendant's "contacts with the forum are not sufficiently related to the plaintiff's alleged injury to support the exercise of specific jurisdiction." *Id.* at *5.

Here, the Court concludes that Defendant's purported contacts with Texas as alleged in the Amended Complaint do not have any substantial connection to Plaintiff's

alleged injury. In other words, Plaintiff's claims do not "arise out of or relate to" Defendant's contacts with the forum and, so, the due process requirements are not satisfied and the Court cannot exercise specific personal jurisdiction over Defendant. *See Seiferth*, 472 F.3d at 274-75 ("the Due Process Clause prohibits the exercise of jurisdiction over any claim that does not arise out of or result from the defendant's forum contacts." ); *see also Kervin v. Red River Ski Area, Inc.*, 711 F. Supp. 1383, 1389-90 (E.D. Tex. 1989) ("*In personam* jurisprudence has taken a restrictive view of the relationship between causes of action and contacts, seemingly to require virtually a direct link between claim and contacts in order to pursue a specific jurisdiction analysis.") .

Because Plaintiff fails to establish the second prong, the Court need not address whether exercising specific personal jurisdiction would be unfair or unreasonable.

The Court finds that Plaintiff failed to make the required *prima facie* showing of personal jurisdiction over non-resident Defendant. Because personal jurisdiction is lacking, the Court must **grant** the Motion to Dismiss. Plaintiff does not request leave to amend his complaint should the Court grant the Motion. *See* Doc. No. 27 at 15 (acknowledging he can "seek requested relief elsewhere (i.e. Illinois)" and asking that "[i]n the alternative, should the Court determine dismissal is warranted, Plaintiff prays that such dismissal be without prejudice."). Even if Plaintiff had so requested, the Court would be inclined to find any further amendment would be futile. For those reasons, the Court will not allow Plaintiff to amend his Amended Complaint. (Neither

party asks the Court to transfer the case to another district.)  Accordingly, the Court **dismisses** this case **without prejudice**.

IV.    **Conclusion**

For the foregoing reasons, the Court **GRANTS** Defendant's Motion to Dismiss for lack of personal jurisdiction.  This case is **DISMISSED without prejudice**.

**SO ORDERED.**

Signed March 16th, 2026.

_____
ED KINKEADE
UNITED STATES DISTRICT JUDGE